IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                              Case Nos.:   1:10cr4/RH/GRJ
                                              1:11cv153/RH/GRJ

PAUL LESLEY URQUHART

---

**ORDER, and**
**REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law. (Doc. 35.)  The Government filed a response (Doc. 39), and nearly two years later, Defendant filed a motion for leave amend. (Doc. 41.)   After a careful review of the record and the arguments presented, the Court concludes that Defendant's § 2255 motion should be denied.

**PROCEDURAL BACKGROUND**[1]

On January 26, 2010 Defendant was charged in a single count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  (Doc. 1.)  After a motion to continue the trial was granted, Defendant entered a plea pursuant to a written plea agreement and statement of facts. (*see* Docs. 17, 18, 23, 24.)  The statement of facts reflected that Defendant had been convicted of 26 felony offenses including more than three convictions for "violent felony" offenses, as

---

[1] Detailed statements of facts describing the offense conduct are set forth in the Statement of Facts (doc. 24) and the Presentence Investigation Report (doc. 32), and recitation of same is not necessary to resolution of the instant motion.

required for the application of 18 U.S.C. § 924(e), the Armed Career Criminal Act. (Doc. 24 at 2).

The Presentence Investigation Report ("PSR") was disclosed to the defense on July 27, 2010. (Doc. 27.) Defendant's total offense level was calculated at 30 (Doc. 32, PSR ¶¶ 20–24), and he had 24 criminal history points with a corresponding criminal history category of VI (PSR ¶ 61).[2] The applicable advisory guidelines range was 168 to 210 months, but because of the fifteen year statutory minimum mandatory under 18 U.S.C. § 924(e), the guideline range became 180 to 210 months (PSR ¶116). Defendant was sentenced at the lowest end of this guideline range to the statutory mandatory minimum term of 180 months imprisonment. (Docs. 30, 31.) He did not appeal, and the instant motion to vacate was timely filed on July 29, 2011. (Doc. 35 at 13).

In the present motion, Defendant separates his claims into two grounds for relief, although they are interrelated. First, he claims that he is "actually innocent" of the Armed Career Criminal Enhancement and that counsel was constitutionally ineffective for failing to investigate and present this argument to the sentencing court. The Government opposes the motion in its entirety. Defendant also has moved for leave to amend his §2255 motion to raise additional arguments, which are discussed briefly below.

---

[2] Paragraphs 40 through 54 of the PSR set forth fifteen separate charges and convictions arising from conduct that occurred in April of 1990. Due to plea agreements some charges were reduced, but Defendant ultimately sustained two convictions for armed burglary, three convictions for simple burglary, nine convictions for grand theft and one misdemeanor conviction for petit theft.

## LEGAL ANALYSIS

### General Legal Standards

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n.

14 (quoting Mills, 36 F.3d at 1055).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, or alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010).  The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland v. Washington, 466 U.S. 668, 686 (1984).  To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013).  In applying Strickland,

Page 5 of 11

the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; see also Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); see also Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").  Furthermore, it is well established that counsel is not ineffective for failing to preserve or argue a meritless claim.  Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); see also Sneed v. Florida Dep't of Corrections, 496 F. App'x 20 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel);  Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for

failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. See Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled

to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

**Defendant's claims**

Defendant contends that the prior state court convictions relied upon by the court in applying the § 924(e) Armed Career Criminal enhancement were constitutionally infirm, due either to the state court's lack of jurisdiction or because of ineffective assistance of state court counsel. Petitioner does not argue that the prior state court convictions cannot be used to enhance his sentence because they do not qualify as violent felonies under ACCA. Without explaining why Defendant conclusionally asserts that he is "actually innocent" of the enhancement. He further claims that he informed

counsel of the issues with his state court convictions, but his counsel was constitutionally ineffective because he failed to investigate and present this issue to the sentencing court.

Defendant's assertions that his underlying convictions are constitutionally infirm are conclusory and not supported by any evidence.[3]  The PSR discloses that five of Defendant's May 1, 1991, convictions were for violent felonies, and, despite the uniform date of conviction, the underlying offense conduct in each instance took place on different dates (see PSR ¶ 40 (4/23/90); ¶ 41 (4/3/90); ¶ 44 (4/6/90); ¶ 51 (4/13/90); ¶ 52 (4/11/90)).  Defendant has not submitted any evidence in support of his assertion that any of the underlying convictions were invalid. Nor does it appear that he has mounted a challenge to the state court convictions in the appropriate forum.  As detailed above, counsel is not constitutionally ineffective for failing to raise a meritless claim and, thus, Defendant has failed to show that counsel was constitutionally ineffective for failing to challenge the convictions.

In Defendant's motion for leave to amend, he contends that because these convictions occurred on the same date, they can only be considered as a single conviction pursuant to § 4B1.1 and, thus, do not support the enhancement applied to him.  Even if Defendant was correct (which he is not)[4] this provision is inapplicable to

---

[3] Defendant claims that state counsel was constitutionally ineffective because counsel failed to file an appeal, and because counsel represented "both defendants" in the criminal proceeding.

[4] The PSR discloses that the violent felonies were each committed on different dates. PSR ¶¶ 40, 41, 44, 51 and 52 and thus under ACCA satisfy the requirement that the Defendant have "three previous convictions ... for a violent felony. 18 U.S.C. § 924(e). Petitioner does not offer any argument in the petition that any of the crimes do not

his case, as the applicable advisory guideline in Defendant's case was calculated pursuant to § 4B1.4, the Armed Career Criminal guideline. Furthermore, Defendant's citation to guideline Amendment 709 is inapposite, as that guideline references § 4A1.1.

Defendant also contends that the Supreme Court's recent decision in Alleyne v. United States, 133 S.Ct. 2151 (2013) applies to him. However, even if Alleyne were applicable to the facts of Defendant's case, it is not retroactively applicable on collateral review. *See, e.g.,* United States v. Harris, 741 F.3d 1245 (11th Cir. 2014); United States v. Redd, 735 F.3d 88 (2d Cir. 2013); In re Kemper, 735 F.3d 211 (5th Cir. 2013); In re Payne, 733 F.3d 1027, 1029–1030 (10th Cir. 2013). Thus amendment of the pending § 2255 motion based on Alleyne would be futile.

**Conclusion**

For all of the foregoing reasons, the court finds that Defendant has failed to show that the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit, or that he could raise a meritorious claim if given the opportunity to amend. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety, and his request to further amend his motion will be denied.

---

constitute violent felonies but only that they do not constitute offenses committed on occasions different from one another or are otherwise invalid "for lack of jurisdiction."

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

Defendant's motion for leave to amend (Doc. 41) is **DENIED**, because amendment of his § 2255 motion would be futile.

Further, based upon the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (Doc. 35) should be **DENIED**.

Case Nos.: 1:10cr4/RH/GRJ; 1:11cv153/RH/GRJ

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 11th day of March, 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).