IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 1:10cr4-RH/GRJ

PAUL LESLEY URQUHART,

    Defendant.

_____/

**ORDER DENYING THE § 2255 MOTION
AND DENYING LEAVE TO AMEND**

    The defendant Paul Lesley Urquhart pleaded guilty to possessing a firearm as a convicted felon and was sentenced to 15 years in prison—the minimum sentence for possessing a firearm as a convicted felon if, at the time of the offense, the defendant had three or more prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). Burglary of a dwelling is a "violent felony" under the statute. Mr. Urquhart had seven prior convictions for burglary (or armed burglary) of a dwelling.

    Mr. Urquhart did not contest the 15-year minimum at the time of sentencing, but he now seeks relief by a motion under 18 U.S.C. § 2255, on the ground that his

attorney rendered ineffective assistance on this issue. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 43, the objections, ECF No. 46, and a motion for leave to amend the § 2255 motion, ECF No. 45. I have reviewed the issues *de novo*. The report and recommendation is correct and is adopted as the court's opinion, with these notes addressing Mr. Urquhart's three principal contentions.

First, Mr. Urquhart asserts some or all of his burglary convictions were invalid, apparently on the ground that his attorney in those cases rendered ineffective assistance or that the state court somehow lacked jurisdiction. But Mr. Urquhart has tendered no factual support for this claim. The prior convictions have not been set aside and cannot be challenged in this § 2255 proceeding. Mr. Urquhart has proffered no support for the assertion that his attorney in the case at bar rendered ineffective assistance by failing to challenge the use of these convictions as a basis for the sentence in this case.

Second, Mr. Urquhart cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and says he had a right to a jury trial on the question whether he was convicted of the burglaries. *Alleyne* extended the earlier decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Under *Apprendi*, a defendant in a criminal case has a right to a jury trial on any fact, other than a prior conviction, that increases the maximum sentence that can be imposed on a charge. Under *Alleyne*, the same is true for any

fact, other than a prior conviction, that increases the *minimum* sentence.  But at least so far, the "prior-conviction" exclusion from the rule remains in effect.  And in any event, it is virtually certain that the Eleventh Circuit ultimately will hold that *Alleyne* is not retroactively applicable to cases on collateral review.  *See McCoy v. United States*, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactively applicable to cases on collateral review).  *Alleyne* does not help Mr. Urquhart.

Third, Mr. Urquhart says that when his prior burglary convictions are counted correctly, there are fewer than three.  This is so, he says, because convictions that are sentenced on the same day do not count separately under § 924(e).  Mr. Urquhart was sentenced on only two days for the seven convictions for burglary (or armed burglary) of a dwelling.

Mr. Urquhart's argument confuses the rules governing criminal-history calculations under the sentencing guidelines with the statutory provisions in § 924(e).  In calculating criminal-history points under the guidelines, sentences imposed on the same day for offenses that were not separated by an intervening arrest do not count separately.  *See* U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2009).  Even then, a criminal-history point is added for a crime of violence that is not counted separately.  *Id.*, § 4A1.1(f), now renumbered as § 4A1.1(e) .  More importantly, all of this has nothing to do with the question

whether violent felonies count separately for purposes of § 924(e).  The plain language of § 924(e) makes clear that convictions like Mr. Urquhart's *do* count separately.  Thus the 15-year minimum applies when the defendant has three or more prior convictions "for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*."  18 U.S.C. § 924(e) (emphasis added).  There is no exclusion for offenses that are committed on separate occasions but sentenced on the same day.

According to the unchallenged assertions in the presentence report ("PSR"), Mr. Urquhart was sentenced on June 27, 1991, for three violent felonies:

(1) burglary of a dwelling on April 23, 1990 (PSR ¶ 33);

(2) burglary of a dwelling on April 20, 1990 (PSR ¶ 34); and

(3) burglary of a dwelling on April 21, 1990 (PSR ¶ 39).

Mr. Urquhart was sentenced on May 1, 1991, for four more violent felonies:

(4) armed burglary of a dwelling on April 3, 1990 (PSR ¶ 41);

(5) burglary of a dwelling on April 6, 1990 (PSR ¶ 44);

(6) burglary of a dwelling on April 13, 1990 (PSR ¶ 51); and

(7) armed burglary of a dwelling on April 11, 1990 (PSR ¶ 52).

In all, Mr. Urquhart was sentenced for seven burglaries of seven dwellings on seven different days.  The burglaries were "committed on occasions different from one another" and count as seven violent felonies under § 924(e).

(The presentence report says Mr. Urquhart also was sentenced on May 9, 1991, for burglary, and that the burglary was of a dwelling on April 23, 1990 (PSR ¶ 40). The reference to May "9" may have been a typographical error—the sentence was identical to that imposed in the other cases on May 1, 1991. And while the burglary was in fact of a dwelling, the conviction apparently was only for burglary, a charge that could include burglary of a vehicle. The conviction thus might not properly be treated as a violent felony under § 924(e). *See, e.g.*, *Descamps v. United States*, 133 S. Ct. 2276 (2013). I give Mr. Urquhart the benefit of the doubt on this conviction, assuming for present purposes that it was not for a violent felony.)

Because Mr. Urquhart was convicted of seven burglaries of dwellings committed on seven different days, he had three or more convictions for violent felonies and was properly sentenced under § 924(e).

For these reasons and those set out in the report and recommendation, the § 2255 motion must be denied.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

The defendant has not made the required showing.  This order thus denies a certificate of appealability.  Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith.  I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.  Accordingly,

    IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED."

2. The defendant's application for a certificate of appealability is DENIED.

3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on July 10, 2014.

s/Robert L. Hinkle<br>United States District Judge